IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CANDICE ROGERS § | |
| § | |
| V. § | A-14-CV-238-SS |
| § | |
| NATHAN JORGENSEN, ET AL. § | |

**REPORT AND RECOMMENDATION ON
FRIVOLOUS REVIEW UNDER 28 U.S.C. § 1915(e)(2)**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Candice Rogers' Complaint and More Definite Statement (Dkt. # 3 & 4). On April 21, 2014, the Court granted Rogers in forma pauperis status, but ordered her to file a More Definite Statement with the Court so that the Court could properly perform a frivolous review under 28 U.S.C. § 1915(e)(2). After reviewing the More Definite Statement, the Court is recommending Rogers' lawsuit be dismissed under 28 U.S.C. § 1915(e)(2). Therefore, **service upon Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.  STANDARD OF REVIEW

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

## II.  ANALYSIS

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §1332. The party invoking federal court jurisdiction bears the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction over the dispute. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In her Complaint and More Definite Statement, Rogers, a Texas citizen, alleges that she entered into a contract with Defendants Nathan Jorgensen and Tanner, Utah citizens and owners of Grow Connect, LLC, a business consulting company, in which Defendants agreed to help Rogers find investors for a film project. Rogers alleges causes of action for breach of contract, fraud and negligent misrepresentation. Rogers asserts no federal statutory or constitutional basis for this suit and, therefore, must demonstrate that this Court has diversity jurisdiction over this lawsuit under 28 U.S.C. § 1332.

To establish diversity jurisdiction under § 1332, Rogers must demonstrate that not only are the parties citizens of different states, but also that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Greenberg*, 134 F.3d at 1253. The amount in controversy, for purposes of determining the existence of diversity jurisdiction, is judged as of the time the complaint is filed. *Id.* at 1253-4. It has long been recognized that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289.

Rogers' More Definite Statements clarifies that she is only requesting $50,000 in damages "because this is the exact amount of the budget of the film project planned to produced in 2013." MDS at p. 2. Because Rogers has failed to establish the amount in controversy requirement, this Court does not possess subject matter jurisdiction over this lawsuit. *See H & D Tire & Automotive–Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 331(5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001) (holding that district court did not have jurisdiction over removed case where the amount in controversy requirement was not met). Accordingly, this lawsuit must be dismissed for lack of subject matter jurisdiction. If Rogers desires to pursue her lawsuit, she must file it in state court.

### III. RECOMMENDATION

The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Plaintiff Candice Rogers' lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B), for lack of subject matter jurisdiction.

## IV.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of May, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE